IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

UNITED STATES DISTRICT JUDGE

FILED

JUL 3 1 2023

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____

| | |
|---|---|
| LISA COX<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH TEXAS RADIOLOGY IMAGING CENTERS AND ACCOUNT SERVICES COLLECTION, INC.,<br><br>Defendant | CIVIL ACTION 5:23-CV-00298-JKP<br><br><br><br>MOTION FOR LEAVE TO AMEND PLEADING |

South Texas Radiology Imaging Centers hereinafter "STRIC".

Account Services Collection, Inc. hereinafter "ASCI".

## Motion for Leave to Amend Pleading

The Federal Rules of Civil Procedure Rule 15. Amended and Supplemental Pleadings states in relevant part:

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. *The court should freely give leave when justice so requires.*

Courts should generally grant motions to amend absent any evidence of bad faith, undue delay, or undue prejudice to the non-movant. Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995).

It is my firm belief this case should be judged on its merits and not dismissed based on a technicality.

The Defendants in the instant case should not go unchecked. They should not be able to continue to illegally charge a fee for credit card usage. Unchecked, numerous Texans already financially struggling, as evidenced by the fact that they are in collections, will have the added burden of an illegal charge. A charge in addition to the debt due is the type of activity the Texas legislature intended to stop when they passed the Texas Finance Code ("TFC"). It was important enough

that when the Texas legislature finalized the TFC, they listed the charging of a fee as a violation on three separate occasions. Section 392.303(2), 392.304(12)(13).

Defendant STRIC is praying that this case gets dismissed on a technicality. I understand that with the volume and complexity of cases in front of the court, it is necessary to have procedures and dates. This action could have been adjudicated in small claims court where it belonged In Guadalupe Pct 2.

At the time of the initial filing, the small claims complaint form would not allow more than 130-characters including spaces. I asked the clerk if I could add an addendum to include all the additional violations. I was "encouraged" to be brief; not to litigate the case on paper, and to save that for the judge.

I pray the Court will allow me to Amend the original complaint to include all the violations of the Texas Finance Code and Fair Debt Collection Practices Act. (Please see the attached/included Amended complaint.)

Case Law for granting the request

Rodriguez v. Fulton Friedman & Gullace, LLP, CIVIL ACTION NO. H-11-4592, 13 n.9 (S.D. Tex. Aug. 28, 2012) ("Furthermore, the Court notes that the Encore Defendants filed their Consolidated Reply eight days late without seeking leave of the Court; as such, the Court is not obligated to consider their Reply in the first place. Ogbevoen v. Aramark Campus, Inc., No. H-04-3595, 2006 WL 1788430, at *1 (S.D. Tex. June 20, 2006). Nonetheless, in the interest of justice, the Court has considered the Encore Defendants' delinquent filing.")

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2023, a true and correct copy of the foregoing was sent via email e-service to all parties of record, as indicated below and the courts by USPS mail:

Attorneys for Defendant South Texas Radiology Imaging Centers

Zach Zurek
State Bar No. 24079668

Dyana Mardon
State Bar No. 24128289

Attorneys for Defendant Account Services Collection Inc

Keith Wier
Maurice Wutscher LLP
kwier@mauricewutscher.com

_____  7/27/23
LISA COX, Pro se