RECEIVED

JUL 3 1 2023

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY:_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

UNITED STATES DISTRICT JUDGE

LISA COX

        Plaintiff,

vs.

SOUTH TEXAS RADIOLOGY IMAGING CENTERS
AND ACCOUNT SERVICES COLLECTION, INC.,

        Defendant

CIVIL ACTION 5:23-CV-00298-JKP

AMENDED PLEADING

South Texas Radiology Imaging Centers hereinafter "STRIC".

Account Services Collection, Inc. hereinafter "ASCI".

DEFINITIONS

1) STRIC is a debt collector under the Tex. Fin. Code ("TFC") Section 392.001(6)

Unlike the FDCPA there is no exemption for creditors in the TFC. They are considered, as in the instant case, to be debt collectors as they are indirectly collecting debt.

The following is from the Texas State Law Library at

. Which says the following.

<u>Texas Finance Code, Chapter 392</u>

<u>The Texas debt collection law can be found in Chapter 392 of the Texas Finance Code. Unlike the federal FDCPA, it also applies to original creditors.</u>

2) ASCI is a debt collector under the Tex. Fin. Code ("TFC") Section 392.001(6)

4) ASCI is also a Third-Party debt collector under the Tex. Fin. Code ("TFC") Section 392.001 (7) (B) regularly makes contact with debtors for the purpose of collection or adjustment of debts.

5) ASCI in the instant case is acting as STRIC's debt collection agent. Within the scope of its agency ASCI violated the Tex. Fin. Code Section 392.303(2) Tex. Fin. Code Section 392.304(12)(13) while charging or attempting to charge a fee for credit card usage.

6) I, Lisa Cox, am a consumer allegedly having consumer debt as defined in Tex. Fin. Code Section 392.001(1)(2)

7) Vicarious Liability-

STRIC is Vicariously Liable for the actions or inactions of its collection agent ASCI.

Upon information and belief there is NOT a ruling in the Fifth Circuit yet that specifically defines the relationship necessary for Vicarious Liability and the TCPA ("TFC") . The Fifth Circuit has found a parallel relationship for the purposes of vicarious liability in FDCPA rulings Rodriguez v. Fulton Friedman & Gullace, LLP, CIVIL ACTION NO. H-11-4592, 23 (S.D. Tex. Aug. 28, 2012) ("Section 392.304(a)(5) of the TDCPA imposes identical disclosure requirements on third-party debt collectors as those imposed by Section 1692e of the federal FDCPA on all debt collectors.

Courts have recognized that the TDCPA ("TFC") and the FDCPA "are very similar." Cox v. Hilco Receivables, L.L.C., 726, F. Supp. 2d 659, 666 (N.D. Tex. 2010); see also Bullock v. Abbott & Ross Credit Servs., L.L.C., No. A-09-CV-413 LY, 2009 WL 4598330, at *2 n. 3 (W.D. Tex. Dec. 3, 2009) ("The same actions that are unlawful under the FDCPA are also unlawful under the TDCA."). *This Court will therefore assume that claims under the TDCPA can be brought on a theory of vicarious liability in the same manner as under the FDCPA."*)

CHAPTER 392. DEBT COLLECTION

SUBCHAPTER A. GENERAL PROVISIONS

Sec. 392.001. DEFINITIONS.

(1) "Consumer" means an individual who has a consumer debt. I, Lisa Cox, am a consumer.

(2) "Consumer debt" means an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction. I Lisa Cox allegedly have a consumer debt.

(3) "Creditor" means a party, other than a consumer, to a transaction or alleged transaction involving one or more consumers. STRIC is a creditor.

(5) "Debt collection" means an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor. Both STRIC and Account Collections Inc. are in the instant case performing debt collection.

(6) "Debt collector" means a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts. Both STRIC, indirectly, and ASCI directly are in the instant case debt collectors.

(7) "Third-party debt collector" means a debt collector, as defined by 15 U.S.C. Section 1692a(6), but does not include an attorney collecting a debt as an attorney on behalf of and in the name of a client unless the attorney has non-attorney employees who:

(A) are regularly engaged to solicit debts for collection; or

(B)  regularly make contact with debtors for the purpose of collection or adjustment of debts.

In the instant case STRIC and ASCI are debt collectors as defined by the TFC.

## VIOLATIONS

Considering that I am just starting to get back on my feet after the pandemic and an illness. I didn't want to subject myself to the stress of dealing with collection agencies, so I asked a friend of mine, Ron West, to talk with my creditors to see if I could afford to settle some accounts. I was offered settlements by everyone except STRIC. I understand, no one is required to settle debts for a lesser amount, but to add to my financial burden, in addition to a settlement being unavailable, Account Services (ASCI) told me they would charge me a fee of three and one-half percent for using a Visa or Mastercard.  This is in violation of the Texas Finance Code Sec. 392.303 (2) 392.304 (12)(13) and Section 808(1) of the Fair Debt Collection Practices Act (FDCPA) as follows.

The Violations of the TFC are violations for both STRIC and ASCI.

1)  Under the Texas Finance Code it is illegal to charge a fee not allowed by law or outlined in the initial contract. This three and one-half percent credit card fee was not mentioned in any contract I signed with STRIC and is specifically noted as a violation of the Texas Finance Code THREE times as follows-

A)  Fraudulent, Deceptive, or Misleading Representations Sec. 392.303 (2) collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer.

 And again at

B)  Unfair or Unconscionable Means,(a)In debt collection, a debt collector may not use unfair or unconscionable means that employ the following practices. 392.304 (12)  representing that a consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges. The Texas legislature thought it important enough to note it three times.

And again at

C)     Unfair or Unconscionable Means (a)In debt collection, a debt collector may not use unfair or unconscionable means that employ the following practices:   Sec.392.304(13) representing that a consumer debt will definitely be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if the award of the fees or charges is subject to judicial discretion;

I REPEAT ALL OF THE NOTED VIOLATIONS for STRIC as to TEXAS FINANCE CODE VIOLATIONS and ADD the FOLLOWING VIOLATION of the FDCPA solely for Account Services Collection. Inc. ("ASCI")

STRIC cannot be held in violation of the FDCPA as they are not defined as debt collectors thereunder.

a) Section 808(1) of the Fair Debt Collection Practices Act (FDCPA) prohibits debt collectors from collecting any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless that amount is expressly authorized by the agreement creating the debt or permitted by law.

D) In an opinion by the Consumer Financial Protection Bureau, charging a fee, not called for in the original contract or allowed by law also known as "Pay-to-Pay", has been affirmed as a violation of the FDCPA as recently as June of 2022 (See enclosed Exhibit A)

Exhibit A is the CFPB letter that says-

3.1.3Advisory Opinion on Debt Collectors' Collection of Pay-To-Pay Fees

On June 29, 2022, CFPB issued an advisory opinion6 to affirm that the FDCPA and Regulation F prohibit debt collectors from charging consumers pay- to-pay fees (also known as convenience fees) for making payment in a particular way, such as by telephone or online, unless those fees are expressly authorized by the underlying agreement or are affirmatively permitted by law.

### PRAYER for RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that STRIC violated the Tex. Fin. Code Section 392.303(2) Tex. Fin. Code Section 392.304(12)(13)

b) Awarding Plaintiff statutory damages, from STRIC, of one thousand dollars.

For the violations of the Tex. Fin. Code Section 392.303(2) Tex. Fin. Code Section 392.304(12)(13)

c) Adjudging that Account Services Collection, Inc. violated the Tex. Fin. Code Section 392.303(2) Tex. Fin. Code Section 392.304(12)(13)

d) Awarding Plaintiff statutory damages from Account Services Collection, Inc. in the amount of one thousand dollars for violations of the Tex. Fin. Code Section 392.303(2) Tex. Fin. Code Section 392.304(12)(13)

d) Adjudging that Account Services Collection, Inc. violated Section 808(1) of the Fair Debt Collection Practices Act (FDCPA)

e) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(2)(a)(A), in the amount of $1,000.00;

f) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1); in the amount of two-hundred and sixty dollars.

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of July, 2023, a true and correct copy of the foregoing was sent via email e-service to all parties of record, as indicated below and the courts by USPS mail:

Attorneys for Defendant South Texas Radiology Imaging Centers

Zach Zurek
State Bar No. 24079668

Dyana Mardon
State Bar No. 24128289

Attorneys for Defendant Account Services Collection Inc

Keith Wier
Maurice Wutscher LLP
kwier@mauricewutscher.com

_____  7/27/23
LISA COX, Pro se

# CFPB Moves to Reduce Junk Fees Charged by Debt Collectors

Advisory opinion explains that most "pay-to-pay" fees charged by debt collectors violate federal law

**JUN 29, 2022**

Today, the Consumer Financial Protection Bureau (CFPB) issued an advisory opinion affirming that federal law often prohibits debt collectors from charging "pay-to-pay" fees. These charges, commonly described by debt collectors as "convenience fees," are imposed on consumers who want to make a payment in a particular way, such as online or by phone.

"Federal law generally forbids debt collectors from imposing extra fees not authorized by the original loan," said CFPB Director Rohit Chopra. "Today's advisory opinion shows that these fees are often illegal, and provides a roadmap on the fees that a debt collector can lawfully collect."

Debt collectors play a critical role in the consumer finance ecosystem, and the CFPB wants to ensure that law-abiding debt collectors are not disadvantaged by their competitors that impose unlawful fees. While most debt collectors allow consumers to make payments by phone or online without charging additional fees, some debt collectors impose additional fees for those types of payments. These debt collectors do so even if it is cheaper and less time-consuming for them to process phone and online payments than it is to process the paper-check payments delivered by mail or in person that debt collectors typically process for free. These types of fees are often illegal, and today's advisory opinion and accompanying analysis seek to stop these violations of law and assist consumers who are seeking to hold debt collectors accountable for illegal practices.

The advisory opinion interprets the language in Section 808 of the Fair Debt Collection Practices Act (FDCPA), which prohibits debt collectors from collecting any amount that is not expressly authorized by the underlying agreement or permitted by law. The FDCPA was passed in 1977 in response to widespread abuses in the debt collection industry, which Congress acknowledged was not subject to appropriate regulation under existing laws at the time. In 2010, the Consumer Financial Protection Act transferred primary responsibility for the FDCPA, including issuing regulations and ensuring compliance, to the CFPB.

The advisory opinion covers the following on debt collection practices:

- **Identifies scope of illegal fees:** The collection of any fee is prohibited unless the fee amount is in the consumer's contract or affirmatively permitted by law.

- **Affirms that silence in the law is not an authorization:** A debt collector may only collect a fee when it is authorized by the agreement creating the debt or is

"permitted by law." Where no law expressly authorizes a fee, it is not "permitted by law," even if no law expressly prohibits it.

- **Clarifies role of payment processors:** Debt collectors violate the FDCPA when using payment processors who charge unauthorized fees at a minimum if the debt collector receives a kickback from the payment processor.

Read the advisory opinion (cfpb.gov/rules-policy/final-rules/advisory-opinion-on-debt-collectors-collection-of-pay-to-pay-fees/).

Today's advisory opinion continues the CFPB's focus on addressing junk fees in consumer finance. Last week, the CFPB announced a review (https://www.consumerfinance.gov/about-us/newsroom/cfpb-initiates-review-of-credit-card-company-penalty-policies-costing-consumers-12-billion-each-year/) of the credit card industry's penalty policies costing consumers over $12 billion each year, and published an Advance Notice of Proposed Rulemaking (https://www.consumerfinance.gov/rules-policy/rules-under-development/advance-notice-of-proposed-rulemaking-regarding-credit-card-late-fees-and-late-payments/) asking for information to help determine whether regulatory adjustments are needed to address late fees under the Credit Card Accountability Responsibility and Disclosure Act of 2009 (CARD Act). In addition, the CFPB earlier this year sent out a request for information (https://www.consumerfinance.gov/about-us/newsroom/consumer-financial-protection-bureau-launches-initiative-to-save-americans-billions-in-junk-fees/) to hear from the public about potential junk fees. The comments that the Bureau received are available for public inspection here ⧉ (https://www.regulations.gov/docket/CFPB-2022-0003/comments).

Consumers encountering problems with debt collectors charging unauthorized additional fees to make payments can submit a complaint with the CFPB online (https://www.consumerfinance.gov/complaint/) or by calling (855) 411-CFPB (2372).

###

*The Consumer Financial Protection Bureau is a 21st century agency that implements and enforces Federal consumer financial law and ensures that markets for consumer financial products are fair, transparent, and competitive. For more information, visit consumerfinance.gov (cfpb.gov/).*

**PRESS INFORMATION**

If you want to republish the article or have questions about the content, please contact the press office.

Go to press resources page (cfpb.gov/about-us/newsroom/press-resources/)